FILED
SUPERIOR COURT
OF GUAM

2020 JUN 26 PM 12: 00

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, ) | CRIMINAL CASE NO.: CF0553-19 |
| Plaintiff, ) | |
| vs. ) | |
| ) | **DECISION AND ORDER RE: JOINDER** |
| JOHNNIE GENE DEL ROSARIO, ) | **IN MOTION TO DISMISS** |
| DOB:07/13/1975 ) | |
| ) | |
| Defendant. ) | |

On October 18, 2019, Defendant and Johnny Borja Atalig ("Atalig") were indicted in CF0553-19 with Felony Escape (As a Third Degree Felony). On November 5, 2019, Atalig filed a Motion to Sever. On November 25, 2020, the Court issued a Decision and Order granting Atalig's Motion to Sever. The severance resulted in Defendant's case number to remain as CF0553-19 and Atalig's case number to be denoted as CF0553-19-01.

On February 17, 2020, Atalig filed a Motion to Dismiss. On April 10, 2020, Defendant joined Atalig's Motion to Dismiss. Joinder in Mot. to Dismiss (Apr. 10, 2020). On June 26, 2020, the Court issued a Decision and Order denying Atalig's Motion to Dismiss.

\\

\\

## Introduction

This matter is before the Honorable Maria T. Cenzon on Johnny Borja Atalig's ("Defendant") Motion to Dismiss ("Motion") filed on February 17, 2020. Defendant is represented by Attorney William Bischoff of the Public Defender Service Corporation. The People of Guam ("People") are represented by Assistant Attorney General Charles Kinnunen. After reviewing the Motion, the pleadings on the record, and the relevant law, the Court now issues this DECISION and ORDER **DENYING** Defendant's Motion.

## Background

On October 18, 2019, Defendant and Johnnie Gene Del Rosario ("Rosario") were indicted in the instant matter with Felony Escape (As a Third Degree Felony).[1] Indictment (Oct. 18, 2019). The Indictment alleges that on October 9, 2019, Defendant and Rosario knowingly and intentionally escaped from a detention facility where they were in custody upon a felony charge or conviction, in violation of 9 GCA § 58.20(a). *Id* at. 1-2. At the time of the alleged escape, Defendant and Rosario were under the supervision of the Department of Corrections pursuant to a Commitment Order. Commitment Order (October 11, 2019).[2] On February 17, 2020, Defendant filed the above Motion to Dismiss. Mot. (Feb. 17, 2020). On April 10, 2020, Rosario filed a Joinder in Motion to Dismiss. Joinder Mot. to Dismiss (Apr. 10, 2020).

\\

---

[1] On November 5, 2019, Defendant filed a Motion to Sever. On November 25, 2019, the Court issued a Decision and Order granting Defendant's Motion to Sever. Defendant's charge of Felony Escape (As a Third Degree Felony) was severed from Rosarios's charge of Felony Escape (As a Third Degree Felony). Defendant's case was denoted as CF0553-19-01. Rosario's case number remained as CF0553-19.

[2] Defendant and Rosario were ordered to be held at the Department of Corrections pending the posting of bail in the amount of five thousand dollars ($5,000.00) each.

In his Motion, Defendant moves the court to dismiss this case "due to the fact that he was being housed in a halfway house, not a detention facility, when he allegedly escaped; which there is no evidence that he permanently intended to do anyway." Mot. at 1.

On February 28, 2020, the People filed its Opposition. Opp'n. (Feb. 28, 2020). In its Opposition, the People argue "that Defendant was for all times relevant in custody in a detention facility, that detention facility being a halfway house when he committed Felony Escape pursuant to 9 GCA 58.20(a)." *Id.* at 2. Defendant did not file a Reply.

## Discussion

Defendant moves the court to dismiss the matter based on the Indictment referencing a law that he could not have violated. Defendant submits that the Indictment alleges that he violated 9 GCA § 58.20(a).

> A person is guilty of a felony of a third degree if he escapes from within a detention facility where he is in custody upon a felony charge or conviction.

9 GCA § 58.20(a).

Defendant argues that he did not violate 9 GCA § 58.20(a) because he was not being housed in a detention facility at the time of his alleged escape. Defendant claims that at the time of his alleged escape he was being housed in a halfway house that has no fence or barrier. Defendant claims that a halfway house does not qualify as a detention facility according to the definition of a detention facility set forth in 9 GCA § 58.10(b)(1). Furthermore, Defendant states, "no evidence was presented to the grand jury, and none is adverted to in the indictment that defendant Atalig intended to permanently leave the halfway house, as in an escape." Mot. at 2. In response, the People argue that a halfway house is a place used for confinement even if there is no barrier surrounding its location.

The issue that the Court must address is whether a halfway house falls under the definition of a detention facility pursuant to 9 GCA § 58.10(b)(1).

A detention facility means any place used for confinement pursuant to an order of a court of persons charged with or convicted of an offense.

9 GCA § 58.10(b)(1)(A).

"Life at a halfway house undoubtedly entails fewer restrictions than life in prison, but one who lives there under court order is not free to come and go at will." *U.S. v. Sack*, 379 F.3d 1177, 1179 (10th Cir. 2004). The Court finds that although the halfway house granted Defendant a greater amount of freedom throughout his day, he was nevertheless still under the supervision of the Department of Corrections, confined pursuant to a court order, and unable to leave the halfway house on his own volition. The very nature in which Defendant fled the halfway house is indicative of the extent of the halfway house's detaining character.

Moreover, Defendant fails to argue that he was not in custody or that he was no longer under the Department of Corrections custody pursuant to a release order. Therefore, the Court holds that at the time of his alleged violation of 9 GCA § 58.20(a), Defendant was in custody pursuant to a court order and was being held at a detention facility.

### Conclusion

For the forgoing reasons, the Court hereby **DENIES** Defendant's Motion.

SO ORDERED this _June 26, 2020_ .

_____
**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

*People v. Rosario*; CF0553-19
D&O re: Defendant's Joinder in Motion to Dismiss
Page 4 of 4